JS 44 (Rev. 10/20) FLSD Revised 02/12/2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Chewy, Inc.

### DEFENDANTS
Zackery Riley

**(b)** County of Residence of First Listed Plaintiff: **Broward**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **non-resident (Idaho)**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Courtney B. Wilson, Esq.- Littler Mendelson, P.C. -333 S.E. 2nd Ave.,

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ■ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
■ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Check here for: Nature of Suit Code Descriptions

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence

*Other:*
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee – Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ■ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729 (a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act (TCPA)
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

■ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed **(See VI below)**
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):*
a) Re-filed Case ☐ YES ■ NO
b) Related Cases ☐ YES ■ NO

JUDGE: DOCKET NUMBER:

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

18 U.S.C. §§ 1836 - Defend Trade Secrets Act of 2016 - misappropriation of trade secrets and related breach of e

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ >$75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ■ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE: January 31, 2022

SIGNATURE OF ATTORNEY OF RECORD: Courtney B. Wilson, Esq.

FOR OFFICE USE ONLY: RECEIPT # _____ AMOUNT _____ IFP _____ JUDGE _____ MAG JUDGE _____

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| CHEWY, INC. <br> *Plaintiff* <br> v. <br> ZACKERY RILEY <br> *Defendant* | ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

**Zackery Riley**
**5919 W. Braveheart Drive**
**Eagle, Idaho 83616**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Courtney B. Wilson, Esq.
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: February 2, 2022

*Signature of Clerk or Deputy Clerk*



AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____; or

☐ I returned the summons unexecuted because _____; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CIVIL ACTION NO.:

|  |  |
|---|---|
| **CHEWY, INC.** | ) ) ) ) |
| **Plaintiff,** | ) ) ) ) |
| **ZACKERY RILEY** | ) ) ) ) |
| **Defendant.** | ) ) |

## COMPLAINT FOR *EXPEDITED RELIEF*: PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Chewy, Inc. ("Chewy"), pursuant to Fed. R. Civ. P. 8 & 65, and S.D. Fla. L. R. 7.1(d) sues Defendant, Zackery Riley, for *expedited* preliminary injunctive relief, a permanent injunction, and damages, and alleges:

1.  This is an action for preliminary and permanent injunctive relief, and for damages in excess of $75,000.

2.  This Court has federal subject matter jurisdiction over Count I, a claim under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq. ("DTSA").  See, 28 U.S.C. § 1331.  This Court further has supplemental jurisdiction over the other cause of action because it forms a part of the same case or controversy as Count I.  See, 28 U.S.C. § 1367.  Alternatively, the Court has diversity jurisdiction over all of the claims as the parties are citizens of different states and the amount in controversy exceeds $75,000.  See, 28 U.S.C. §1332.

3. Under 28 U.S.C. § 1391(b)(2), venue is proper in the Southern District of Florida because a substantial part of the events or omissions giving rise to the claims in this lawsuit occurred in this judicial district.

4. Chewy is a Delaware corporation with its principal place of business in Dania Beach, Broward County, Florida.

5. Riley is a resident and citizen of Idaho. Riley is a former executive employee of Chewy and this action arises out of Riley's employment with Chewy in Florida. During his employment, and prior to COVID-imposed travel restrictions, Riley regularly traveled to Dania Beach, Florida one week per month to carry out his employment duties for Chewy. He reported to Chewy management in Dania Beach, Florida and regularly conducted business with Chewy employees located in Florida. This action is based upon Riley's intentional and unlawful conduct directed towards Chewy and with full knowledge and intent that the harm would be felt by Chewy in Florida. This action is further founded on Riley's Confidentiality, Non-Solicitation and Non-Compete Agreement, which specifically and expressly provides for application of Florida law and at least implicitly provides for jurisdiction and venue in Florida.

**Nature of the Action**

6. This is an action against a former executive employee to remedy and prevent further misappropriation of Chewy's trade secrets and other confidential information, pursuant to the DTSA, and to enforce a confidentiality and non-compete agreement pursuant to Fla. Stat. § 542.335. Riley is a former Director-level executive at Chewy. Riley recently resigned from Chewy and immediately joined its direct competitor, Fuzzy Pet Health, Inc. ("Fuzzy") in a similar position. On his last day at Chewy, Riley misappropriated an exceptionally large volume of Chewy's confidential documents and trade secrets by transferring them to his personal email

account and then attempting to delete this information from Chewy's network. Riley's misappropriation of Chewy's trade secrets violates the DTSA and Riley's Confidentiality Agreement with Chewy. Further, Riley's employment with Chewy's direct competitor, immediately after leaving Chewy, violates Riley's non-compete agreement with Chewy.

### Chewy's Business & Confidential Information

7. Chewy is engaged in a highly competitive business of providing a full range of products and services related to the care of pets throughout the United States.

8. Chewy's business includes Pet Healthcare Services, a line of Chewy's business that Riley developed and oversaw at Chewy, and with which he and Fuzzy now directly compete.

9. Chewy develops and maintains confidential and proprietary information that contributes to its market position and success in the pet care industry and specifically in the pet healthcare area. This information includes, among other things: confidential information regarding Chewy's full range of operations and processes; its business and expansion plans; its customers' specific needs and preferences; its pricing models; the identity of its most profitable relationships, products and markets; and the identity and skills of its most successful employees (hereinafter "Confidential Information").

10. Chewy's Confidential Information has been compiled over time at great expense to Chewy.

11. This Confidential Information, which is not known or generally available to Chewy's competitors or others, is extremely valuable to Chewy's competitive position in the market, and any competitor would derive an unfair business advantage through the unauthorized use or disclosure of such Confidential Information.

12. Chewy takes reasonable steps to ensure the secrecy of its Confidential Information, including requiring employees with access to such information to sign non-disclosure agreements, and requiring high-level executives like Riley to enter into additional restrictive covenants like Riley's Confidentiality, Non-Solicitation and Non-Compete Agreement.

### Riley's Employment with Chewy

17. On May 20, 2019, Riley commenced his employment with Chewy as its Associate Director, Product Management - Healthcare reporting to Chewy's Dania Beach, Florida offices.

18. In August 2020, Riley was promoted to a full Director position with an associated increase in his salary and other compensation.

19. During his employment with Chewy, Riley was very highly compensated for his services in developing and maintaining Chewy's Pet Healthcare business and its confidential and proprietary information. In his first year Riley received cash compensation consisting of salary and bonuses exceeding $200,000 per year. In 2021, Riley's last full year with Chewy, he earned approximately $450,000 in total compensation, including stock earnings.

20. Riley was hired to develop and launch Chewy's brand new pet telehealth, businesses which was eventually launched and branded as "Connect with a Vet" ("CWAV").

21. As a result, Riley possesses the most intimate knowledge of every aspect of Chewy's CWAV product—e.g., its development, successes and setbacks, and plans for future development and expansion.

22. Riley's role was to develop new lines of business for Chewy from the ground up.

23. Riley also has an in-depth level of knowledge and familiarity with Chewy's technology platforms and software, including their capabilities and limitations.

24. Riley's role also included assembling and managing a team of specialized Chewy employees, including managers of its CWAV platform. As a result, Riley gained intimate knowledge of Chewy's recruiting and management, employee compensation structure, and the knowledge and capabilities of this particular team of specialized employees.

### Riley's Confidentiality & Noncompete Agreement with Chewy

25. As a condition precedent to commencing his employment with Chewy, on or about May 14, 2019, Riley entered into a "Confidentiality, Non-Solicitation and Non-Compete Agreement" ("Confidentiality Agreement"). A copy of Riley's Confidentiality Agreement is attached hereto as Exhibit A.

26. Riley's Confidentiality Agreement with Chewy was designed to protect Chewy's trade secrets, confidential information and other valuable business interests.

27. The Confidentiality Agreement expressly prohibits Riley from using or disclosing Chewy's Confidential Information without temporal or geographic limitation. Exhibit A, ¶ 1(a).

28. Riley's Confidentiality Agreement further prohibits Riley from becoming employed with a competitor of Chewy for twelve (12) months after Riley leaves Chewy:

> Non-Competition Covenant. Employee agrees that for a period of twelve (12) months from the date Employee's employment ends (whatever the cause) ("Termination Date"), Employee shall not, anywhere within the Territory (defined below) or for the benefit of a Direct Competitor's operations or sales within the Territory, directly or indirectly, acting individually or as an owner, shareholder, partner, employee, contractor, agent or otherwise (other than on behalf of the Company):  (a) provide services that are the same as or similar in function or purpose to the services Employee provided to the Company during the during the last two (2) years of employment or such shorter period of time as Employee has been employed (the "Look Back Period")   or such services that are otherwise likely or probable to result in the use or disclosure of Confidential Information to a Direct Competitor; and/or (b) own, receive

> or purchase a financial interest in, make a loan to, or make a monetary gift in support of, any such Direct Competitor; provided, however, that Employee may own, directly or indirectly, solely as an investment, securities of any business traded on any national securities exchange or NASDAQ, provided that Employee is not a controlling person of, or a member of a group that controls, such business, and further provided that Employee does not, in the aggregate, directly or indirectly, own Two Percent (2%) or more of any class of securities of such business.
>
> "Territory" means the United States, as Company and Employee agree that Company's Business is conducted nationwide and competes nationwide with e-commerce and brick and mortar retailers and/or wholesalers of pet food, pet pharmacy, pet health and wellness, and other pet supply products.

Exhibit A, ¶ 1(b).

29. Riley expressly agreed that this restriction on competitive employment was reasonably necessary to protect Chewy's interests. Exhibit A, ¶¶ 4 & 10.

**Riley Misappropriates Chewy's Trade Secrets and Breaches His Non-Compete**

30. On December 17, 2021, Riley tendered his resignation to Chewy but did not disclose his future plans after leaving Chewy.

31. Chewy retained and paid Riley through his notice period and thus, Riley's last day of employment with Chewy was January 3, 2022.

32. Chewy subsequently learned that Riley had accepted a similar role with Fuzzy as Vice President of Product Management.

33. Fuzzy is a direct competitor of Chewy, offering competitive products and services in the same pet telehealth, business and markets where Riley formerly oversaw Chewy's CWAV product and technology platform.

30. Chewy also recently discovered that, on his last day with Chewy, Riley emailed a large volume of very valuable and sensitive trade secrets and other Confidential Information to his

6

personal (non-Chewy.com) email address. Riley thusly diverted a total of at least 76 separate documents comprising over 500 pages of information about Chewy's business including but not limited to the CWAV product and technology.

31. These documents include highly confidential information concerning the development, maintenance and future plans for the CWAV line of business developed for Chewy by Riley and his team over the course of years and at great expense to Chewy.

32. Additionally, the documents Riley misappropriated contain similar and equally confidential information about lines of Chewy's business, and Chewy products, in which Riley was not currently, or ever, involved.

33. All conditions precedent to this action have been performed or have occurred.

## COUNT I – VIOLATION OF THE DTSA

32. Chewy re-alleges and incorporates by reference the allegations of paragraphs 1 through 34, as though fully set forth herein.

33. The actions of Riley, as described above, constitute violations of the DTSA.

34. The DTSA applies because Chewy's trade secrets are related to products and services used in, and intended for use in, interstate and foreign commerce, which are provided to customers across the United States, and which are serviced by Chewy locations across the United States.

35. By engaging in the above conduct, Riley has misappropriated, threatens to further misappropriate, or inevitably will misappropriate Chewy's trade secrets related to a product or service used in, or intended for use in, interstate or foreign commerce.

36. The Chewy confidential information described above, including, particularly, Chewy's metric evaluation of its existing products and customers, and Chewy's immediate future

7

plans to expand existing and new product offerings and its methods of doing so, are trade secrets. Chewy expended substantial time, energy, money, and ingenuity in collecting and compiling this information. Chewy invests significant time, effort, and financial resources in developing and maintaining its new lines of Pet Healthcare businesses, including by, among other things, employing individuals, such as Riley and his Chewy team, whose job it is to develop, maintain and expand such product offerings

37. Chewy has taken reasonable measures to keep the trade secret information secret by, among other things: (1) requiring employees who have access to such information to sign confidentiality and non-compete agreements; (2) promulgating confidentiality and information security policies, and training employees on confidentiality; (3) limiting the disclosure and distribution of such information to only employees on a need to know basis; and/or (4) requiring that such information be saved on password protected networks, devices, and servers.

38. Chewy's trade secret information is sufficiently secret to derive independent economic value due to not being generally known to, and not being readily ascertainable through proper means by, other persons who can obtain economic value from its disclosure and use, such as Chewy's competitors like Fuzzy. A competitor with access to Chewy's trade secrets could use that information to quickly develop or advance similar lines of business without a similar investment of time, money and other resources expended by Chewy to develop such information.

39. Without authorization, Riley has misappropriated, threatens to further misappropriate, and inevitably will misappropriate these trade secrets in a willful manner and with a deliberate intent to injure Chewy and benefit Riley/Fuzzy for their own financial gain by, among

other things forwarding Chewy's trade secret information to his personal email address, in order to use same to unfairly compete against Chewy in his employment with Fuzzy, a direct competitor of Chewy.

40. Riley owed a statutory and contractual duty to Chewy to maintain the secrecy of the trade secrets and to refrain from misappropriating or disclosing the trade secrets.

41. Riley acquired the trade secrets by improper means and/or disclosed and utilized the trade secrets, or inevitably will disclose and utilize the trade secrets, without Chewy's consent, to perform competitive services, and unfairly compete with Chewy in the same lines of business developed by Chewy.

42. As a consequence of the foregoing misappropriation of its trade secrets, Chewy has suffered and will continue to suffer irreparable harm, injury, and loss.

43. Pursuant to the DTSA, actual or threatened misappropriation of trade secrets can be enjoined. Unless enjoined, Riley will continue to use Chewy's trade secret information to unfairly compete, and Chewy will continue to suffer irreparable harm that cannot be remedied through monetary damages.

44. As a direct and proximate result of the conduct of Riley, Chewy is entitled to actual damages in an amount to be determined at trial.

45. The acts and conduct of Riley were also willful and malicious, justifying an award of exemplary damages and attorneys' fees.

### COUNT II - BREACH OF CONTRACT - RILEY

46. Chewy re-alleges and incorporates by reference the allegations of paragraphs 1

through 34, as though fully set forth herein.

47. As a condition of his employment with Chewy, Riley entered into the Confidentiality Agreement.

48. Riley's misappropriation of Chewy's Confidential Information is a breach of the confidentiality provision of his Confidentiality Agreement.

49. Riley's employment with Fuzzy is a breach of the non-compete provision of his Confidentiality Agreement.

50. Riley threatens to further violate the terms of his Confidentiality Agreement by inevitably using and disclosing Chewy's Confidential Information in direct competition with Chewy.

51. As a direct and proximate result of Riley's breach and threatened breach of his Confidentiality Agreement, Chewy has and will suffer irreparable harm and other injury and damages, including but not limited to lost investment, lost profits, and for some of which injuries there is no adequate remedy at law

52. Chewy has retained the services of the undersigned counsel to represent it in this action and is obligated to pay all reasonable costs, expenses and attorneys' fees. Pursuant to the terms of the Confidentiality Agreement, Chewy is entitled to recover its reasonable costs, expenses and attorneys' fees from Riley.

**WHEREFORE**, Chewy requests that the Court:

A. Enter a preliminary and permanent injunction, enjoining and restraining Riley and anyone acting in concert with him or on his behalf, from utilizing, divulging, disclosing or misusing any Chewy trade secrets or other confidential information (as defined by the DTSA and Riley's Confidentiality Agreement with Chewy);

  B. enter a preliminary and permanent injunction enjoining and restraining Riley, and anyone acting in concert with him or on his behalf, from continuing to violate the non-compete restrictions of his Confidentiality Agreement with Chewy;

  C. award Chewy its actual and exemplary damages, in an amount to be determined at trial;

  D. Award Chewy costs, including reasonable attorneys' fees incurred by Chewy; and

  E. Grant Chewy such other and further relief as the Court may deem just, equitable, and proper.

Dated this 2nd day of February 2022.

            Respectfully submitted,

            By: */s/ Courtney B. Wilson*
            Courtney B. Wilson, Esq.
            Florida Bar No. 614580
            E-Mail:  cwilson@littler.com
            Secondary:  ergarcia@littler.com
            LITTLER MENDELSON, P.C.
            Wells Fargo Center
            333 SE 2nd Avenue, Suite 2700
            Miami, FL 33131
            Telephone: (305) 400-7500
            Facsimile: (305) 603-2552
            *ATTORNEYS FOR PLAINTIFF, CHEWY, INC.*